## CIRCUIT COURT OF FAIRFAX COUNTY

State Farm Fire & Cas. Co.

v.

Stonebrough, Ltd., et al.

May 30, 1995

Case No. (Law) 137692

BY JUDGE THOMAS S. KENNY

This is an action in which the plaintiff seeks a declaratory judgment that the homeowner's insurance policy it issued to Myron Mintz does not cover a fatal sailboat accident which occurred on the coast of New Jersey in September, 1992. Mr. Mintz was the sole shareholder and officer of the registered owner of the sailboat, Stonebrough, Ltd., and was the captain of the vessel at the time of the grounding. Two men were killed in the incident, and their estates have been named in the declaratory judgment action, as well as the remaining crewman, who survived.

Mintz and one of the estates (that of Mr. Gallin) have filed motions to dismiss this action on various grounds. I have previously overruled the motions to dismiss on all grounds except the application of the stay provisions of 46 U.S.C. § 185, which come into play because of the pendency of a "limitation action" in the United States District Court for the District of New Jersey.

Under federal law, the liability of a shipowner for damages resulting from incidents in which the owner did not participate can be limited to the value of the vessel and its cargo. 46 U.S.C. §§ 181 *et seq.* The mechanism for accomplishing this is a "limitation action" to be brought in federal district court sitting as a court of admiralty. If all of the outstanding claims arising from the incident would exceed the value of the vessel and cargo (collectively referred to as the "limitation fund"), then the district court is to resolve all of the claims within the context of the limitation action and apportion the limitation fund among the claimants. In order to allow the

district court to accomplish this, the statute provides that when the limitation fund has been created (either by bonding or by a transfer of the owner's interest in the vessel and cargo), then "all claims and proceedings against the owner with respect to the matter in question shall cease." 46 U.S.C. § 185.

In the limitation action filed by Stonebrough and Mintz in New Jersey, the district court entered an order in July, 1993, which provided, in part, as follows:

> 5. The further prosecution of any and all actions, suits and proceedings already commenced and the commencement or prosecution thereafter of any and all suits, actions, or proceedings, of any nature and description whatsoever in any jurisdiction, and the taking of any steps and the making of any motion in such actions, suits, or proceedings against the plaintiffs, as aforesaid (i.e., Stonebrough and Mintz), or against the *S/V Katsura* or against any property of the plaintiffs, except in this action, *to recover damages for or in respect of* any loss, damage, injury, death, or destruction caused by or resulting from the aforesaid maritime casualty, or done, occasioned or incurred on the said voyage of the *S/V Katsura*, as alleged in the complaint, be and they hereby are restrained, stayed, and enjoined until the hearing and determination of this action.

(Emphasis added.)

It is this order and the general stay provisions of § 185 on which the movants rely in asking me to dismiss this declaratory judgment action.

Federal courts have made it clear that the purpose of the limitation statutes is to limit the liability of the shipowner in situations where the potential claims against it are greater than the value of the vessel and its cargo. *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957); *Magnolia Marine Transport v. LaPlace Towing Corp.*, 964 F.2d 1571 (5th Cir. 1992). Where an ancillary action will have no impact on this limit, the admiralty court must allow such suits to proceed. *Magnolia Marine Transport*, 964 F.2d at 1575.

In the present case, the declaratory judgment action seeks a determination of whether the accident in question is covered under the homeowner's insurance policy issued to Mintz, and whether Mintz has breached the policy provisions by failing to give State Farm adequate notice of the accident and the claims filed in New Jersey. Neither of these questions can

in any way affect the outcome of the limitation action. Whether Mintz is insured by State Farm's policy cannot affect whether his liability (or Stonebrough's) is limited by the New Jersey action. Mintz is not being defended in that action by State Farm (the insurance carrier for the vessel itself is providing that). Nor does the availability of insurance affect the size of the limitation fund. *See, Magnolia Marine Transport, supra.*

Furthermore, the declaratory judgment action, since it does not seek "to recover damages for or in respect of" any loss or injury arising out of the accident, does not violate the terms of the restraining order issued by the New Jersey federal district court, quoted above.

For the foregoing reasons, the motion to dismiss the declaratory judgment action is denied.